Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4444 | **DATE** | 5/28/2004 |
| **CASE TITLE** | GENESIS INSURANCE COMPANY vs. FTD.COM, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Genesis Insurance Company's motion for judgment on the pleadings [doc. no. 18-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 1 - 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 43 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| GENESIS INSURANCE COMPANY, ) ) Plaintiff, ) ) v. ) ) FTD.COM, INC., ) ) Defendant. ) ) | 03 C 4444 Judge Ronald A. Guzmán JUN 1 - 2004 |

## MEMORANDUM OPINION AND ORDER

This insurance coverage diversity suit, which is based on a directors and officers' liability policy, is before the Court on Plaintiff's Motion for Judgment on the Pleadings as to Defendant's counterclaim seeking a declaratory judgment that Defendant is entitled to insurance coverage for a settlement of certain securities class action lawsuits.[1] For the reasons set forth below, Plaintiff's motion is denied.

## BACKGROUND

### I. The Shareholder Litigation

The following facts are not disputed. In 1993, Defendant FTD.COM, Inc. ("FTD.COM") began operations as a business unit of Florists' Transworld Delivery, Inc. ("FTDI"), marketing flowers and gifts via the Internet and telephone. In 1994, IOS Brands Corp. ("IOS"), the corporate predecessor to FTD, Inc., acquired FTDI, including FTDI's 83% interest in FTD.COM. In

---

[1] The motion does not address defense costs or other relief sought in the counterclaim.

43

September 1999, FTD.COM was incorporated into a stand-alone entity via an initial public offering. Thereafter, FTDI held approximately 83% of FTD.COM's shares with the minority remainder held by the public.

In early 2001, IOS management and its principal stockholders began considering whether to purchase the publicly traded minority interest in FTD.COM, and on October 25, 2001, legal counsel proposed a merger whereby IOS would acquire that minority interest. The merger agreement would create a newly formed indirect subsidiary of IOS to achieve the merger, after which FTD.COM would be the surviving corporation and the publicly held minority share of FTD.COM common stock would be converted into IOS common stock. As a result of the transaction, IOS, through FTDI, would own 100% of FTD.COM stock. FTD.COM shareholders approved the merger agreement on June 27, 2002, and the merger closed on July 8, 2002.

Beginning March 5, 2002, FTD, Inc., IOS, FTDI, FTD.COM and various officers and directors of these entities were named as defendants in five class actions filed in Delaware state court (the "Shareholder Litigation"). These class actions, which were filed on behalf of all public shareholders of FTD.COM, alleged that IOS paid an unfairly low price for the FTD.COM stock, and the directors and officers breached their fiduciary duties to the public shareholders. Shortly after filing, these cases were consolidated. On August 4, 2003, the parties to the class actions entered into a Stipulation and Agreement of Compromise, Settlement and Release ("Settlement Agreement") under which the public shareholder plaintiffs were to receive $10.7 million in FTD, Inc. stock, thereby resolving the Shareholder Litigation. The Delaware Chancery Court approved the Settlement Agreement on November 17, 2003. (Settlement Agreement, Mem. Supp. Mot. J. Pleadings, Ex. A.)

On October 20, 2003, FTD.COM executed a Promissory Note by which FTD.COM promised to pay FTDI[2] the $10.7 million amount paid in connection with the resolution of the Shareholder Litigation. The Note provides, however, that: "[I]f it is determined pursuant to the Insurance Litigation[3] that the liability of [FTD.COM] pursuant to the [Shareholder Litigation] is for an amount less than the Settlement Amount . . . , [FTD.COM] shall only be obligated to pay such lesser amount . . . in full satisfaction of this Note . . . ." (Promissory Note, Mem. Supp. Mot. J. Pleadings, Ex. B, at 2.)

## II. The Genesis Policy

FTD.COM purchased a directors and officers liability insurance policy (the "Policy") from Plaintiff Genesis Insurance Co. ("Genesis") for the policy period September 29, 2001 to September 29, 2002. (Policy, Answer, Affirmative Defenses & Countercls., Ex. 1.) The Policy sets forth three areas under which Genesis agreed to insure FTD.COM and/or its directors and officers. First, Genesis "will pay, on behalf of the Directors and Officers, Loss arising from Claims first made during the Policy (or Discovery) Period against the Directors or Officers, individually or collectively, for a Wrongful Act, except for such Loss which [FTD.COM] pays to or on behalf of the Directors and Officers." (*Id.* § I.A.) Second, Genesis "will pay, on behalf of [FTD.COM], Loss which [FTD.COM] is required to indemnify, or which [FTD.COM] may legally indemnify, the Directors

---

[2] The parties' submissions refer to "FTD, Inc." as the payee under the Note, but the Note provides that FTDI received an assignment of the payment right from FTD, Inc., its parent. In the interest of conformity, this opinion will also generally refer to the payee as "FTD, Inc."

[3] The Promissory Note defines the "Insurance Litigation" as, collectively, the present case, *Great American Insurance Co. v. FTD, Inc.*, No. 03 C 4588 (N.D. Ill.), which was brought by FTD, Inc.'s insurer against FTD, Inc., "and any similar dispute among [FTD, Inc.], FTDI, [FTD.COM], and their respective insurers regarding the [Shareholder] Litigation."

3

or Officers, arising from Claims first made during the Policy (or Discovery) Period against the Officers or Directors, individually or collectively, for a Wrongful Act." (*Id.* § I.B.) Third, Genesis "will pay, on behalf of [FTD.COM], Loss arising from Securities Claims first made against [FTD.COM] during the Policy (or Discovery) Period for a Wrongful Act." (*Id.* § I.C.)

The Policy also sets forth a number of different definitions of "Loss": "any amounts which the Directors or Officers are legally obligated to pay"; "such amounts which [FTD.COM] is required to indemnify the Directors or Officers, or such amounts which [FTD.COM] may legally indemnify the Directors or Officers, for Claims made against the Directors or Officers"; and "any amounts which [FTD.COM] is legally obligated to pay for Securities Claims made against [FTD.COM]." (*Id.* § II.F.)

### III. Procedural History

On June 26, 2003, Genesis sued FTD.COM for a declaratory judgment that it had no duty to indemnify FTD.COM for losses associated with the settlement of the Shareholder Litigation. Genesis amended the complaint on August 18, 2003.

On October 3, 2003, FTD.COM filed its answer and counterclaims, which seek, among other things, a declaratory judgment that Genesis "is obligated to indemnify FTD.COM for all 'Loss' associated with the [Shareholder Litigation], including but not limited to the costs of settling the [Shareholder Litigation]." (Answer, Affirmative Defenses & Countercls. ¶ 31.) Genesis now brings this motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c), which is limited to FTD.COM's counterclaim seeking a declaration that the Policy provides coverage for the $10.7 million paid in settlement of the Shareholder Litigation.

4

## DISCUSSION

Plaintiff's Rule 12(c) Motion for Judgment on the Pleadings challenges the sufficiency of FTD.COM's counterclaim, and "the standards governing [a] Rule 12(c) motion are the same as those governing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Gutierrez v. Peters*, 111 F.3d 1364, 1368 (7th Cir. 1997). Accordingly, the motion cannot be granted "unless it appears 'beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Manning v. Miller*, 355 F.3d 1028, 1031 (7th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 46 (1957)). In ruling on the motion, the Court may consider documents attached as exhibits or incorporated by reference in the pleadings. *See Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1999).

Parties have "no 'right' to declaratory relief; a request for such relief is addressed to the discretion of the district court." *Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 682 (7th Cir. 1992). Genesis argues that FTD.COM is not entitled to declaratory relief because FTD.COM is not legally obligated to pay any amounts under the Settlement Agreement and therefore has not and will not incur any covered "Loss." *See Zurich Ins. Co. v. Raymark Indus., Inc.*, 514 N.E.2d 150, 163 (Ill. 1987) ("The duty to indemnify arises only when the insured becomes legally obligated to pay damages in the underlying action that gives rise to a claim under the policy.") FTD.COM responds that it has suffered a "Loss" as defined in the Policy because "based on the combination of the Settlement Agreement, the indemnification provision present in FTD.COM's by-laws and the Promissory Note, FTD.COM and its directors are 'legally obligated' to pay for the settlement." (Def.'s Opp'n Br. at 10.)

Specifically, FTD.COM contends that under two different definitions of "Loss" provided in the Policy, FTD.COM is entitled to coverage by Genesis. FTD.COM first argues that it suffered a "Loss" via its indemnification of its officers and directors. FTD.COM argues that because it indemnified its officers and directors in its corporate by-laws (pursuant to Del. Code. Ann. tit. 8, § 145), it is responsible for amounts its directors and officers are "legally obligated to pay" in settlement of the claims in the Shareholder Litigation. (Def.'s Opp'n Br. at 7.) Second, FTD.COM maintains that it is entitled to insurance coverage because FTD.COM is "'legally obligated to pay' for the Securities Claims made against FTD.COM, as a result of the Promissory Note and the Settlement Agreement." (*Id.* at 8.)

The parties agree that Illinois law applies to the interpretation of the Policy in this diversity case. "Interpretation of an unambiguous contract--including insurance policies--poses a question of law." *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 177, 804 (7th Cir. 2002). "Under Illinois law, when interpreting an insurance agreement, the court's primary function is to ascertain and give effect to the true intentions of the contracting parties." *Id.* "'If the terms of the policy are clear and unambiguous, they must be given their plain and ordinary meaning, but if the terms are susceptible to more than one meaning, they are considered ambiguous and will be construed strictly against the insurer who drafted the policy.'" *Commonwealth Ins. Co. v. Stone Container Corp.*, 351 F.3d 774, 777 (7th Cir. 2003) (quoting *McKinney v. Allstate Ins. Co.*, 722 N.E.2d 1125, 1127 (Ill. 1999)).

### I. Settlement Agreement

The Court will first examine whether FTD.COM has suffered a "Loss" under the terms of the Settlement Agreement alone, which provides that it is to be construed under Delaware law. (Settlement Agreement ¶ 38.) "In interpreting a contract, '[t]he language of the Agreement must .

6

. . be the starting point." *Conley v. Dan-Webforming Int'l A/S (Ltd.)*, Civ. A. No. 91-401 MMS, 1992 WL 401628, at *12 (D. Del. Dec. 29, 1992) (applying Delaware law). "[I]f 'the language of the contract is not in any sense ambiguous, its meaning is ordinarily a question of law for the court to ascertain from the instrument itself . . . .'" *Id.*, 1992 WL 401628, at *12 (citation omitted). "[A] contract is ambiguous only when the provisions in controversy are reasonably or fairly susceptible of different interpretations or may have two or more different meanings." *Rhone-Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1196 (Del. 1992).

The Court concludes that under the plain meaning of the language in the Settlement Agreement, FTD.COM is not legally obligated to pay for the settlement. Paragraph 2.a. of the Settlement Agreement provides that: "FTD, Inc., on behalf of all Defendants, *at its sole expense*" (emphasis added) is to issue $10.7 million shares of FTD, Inc. Class A Common Stock to the plaintiffs in the Shareholder Litigation. Furthermore, Paragraph 2.c. of the Settlement Agreement goes on to state that "[a]ll costs, taxes and fees . . . incurred in issuing or distributing the settlement shares . . . shall be borne by FTD, Inc." FTD.COM acknowledges that it paid nothing to the Shareholder Plaintiffs.

FTD.COM maintains, however, that the language "at its sole expense" merely reflects the fact that FTD, Inc. was "the only Defendant [in the Shareholder Litigation] with freely tradable shares to issue." (Def.'s Opp'n Br. at 9.) FTD.COM also argues that both it and FTD, Inc. believed that most, if not all, liability in the Shareholder Litigation should properly be allocated to FTD.COM. (*Id.* at 12.) FTD.COM's arguments miss the point. The tax reasons why the defendants in the Shareholder Litigation structured the Settlement Agreement in the way they did (*i.e.*, FTD, Inc.'s shares instead of cash), despite their internal beliefs as to their relative exposure, are irrelevant. The

7

term "at its sole expense" is not ambiguous; it clearly means that FTD, Inc. is the only party legally obligated to pay under the Settlement Agreement. *See Conley*, 1992 WL 401628, at *12 (holding that extrinsic evidence may not be considered if the contract "'is clear and unambiguous on its face'") (citation omitted).

FTD.COM attempts to circumvent this problem by pointing out that FTD, Inc. was to pay the amount due in the Settlement Agreement "on behalf of all Defendants." (Settlement Agreement ¶ 2.a.) FTD.COM argues, without support, that the term "on behalf of" creates some form of legal obligation among the Shareholder Litigation defendants to pay for what FTD, Inc. has obligated itself to pay, or at least that the term is ambiguous. But the language "on behalf of" means what it says: FTD, Inc. paid the sums due on behalf of the other Shareholder Defendants, who were also released under the Settlement Agreement. The term does not, by itself, create a legal obligation for FTD.COM or any other party to pay any amounts due under the Settlement Agreement to the Shareholder Plaintiffs, FTD, Inc., or any other Shareholder Defendant. *See Rhone-Poulenc*, 616 A.2d at 1196 ("Courts will not torture contractual terms to impart ambiguity where ordinary meaning leaves no room for uncertainty.").

Moreover, Paragraph 23 of the Settlement Agreement further belies the notion that any party but FTD, Inc. had a legal obligation to pay under the Agreement. Paragraph 23 provides that:

> In the event that FTD, Inc. fails to deliver the Settlement Shares as required . . . then Plaintiffs' Co-Lead Counsel shall have the option to either (i) terminate the Settlement or (ii) enter a consent judgment for specific performance of the Settlement which, upon request of Plaintiffs' Co-Lead Counsel, FTD, Inc. shall consent to. In either case, Plaintiffs shall have the right to assert a claim against FTD, Inc. for any damages to the Class resulting from the delay in delivery of the Settlement Shares. . . .

8

(Settlement Agreement ¶ 23.)

Accordingly, not only was FTD.COM not obligated to pay under the Settlement Agreement, it would not have been liable if FTD, Inc. had breached its obligations to pay the amounts it was obligated to pay "on behalf of" FTD.COM and the other Shareholder Litigation defendants. Thus, FTD.COM did not, and will not, have a legal obligation to pay under the terms of the Settlement Agreement and suffered no "Loss" by the settlement alone.

## II. **Promissory Note**

FTD.COM next contends that the Settlement Agreement, the indemnification provision, and the Promissory Note, in combination, create a legal obligation for FTD.COM to pay the $10.7 million amount paid to resolve the Shareholder Litigation. The Note was not executed until October 20, 2003, more than two months after the Settlement Agreement was signed and over two weeks after FTD.COM filed its answer and counterclaims in the present action,[4] but almost a month before the Settlement Agreement was approved by the Delaware court. Giving FTD.COM the benefit of all inferences in its favor, the Note reflects a valid agreement between FTD.COM and FTD, Inc. to allocate the money paid under the Settlement Agreement, and such an allocation agreement could constitute a legal obligation to pay for a claim made for a wrongful act, *i.e.*, a "Loss" under the Policy. Genesis maintains, however, that FTD.COM's legal obligation to pay under the Note is

---

[4] The counterclaim therefore does not allege any facts related to the Promissory Note. However, contrary to Genesis's assertions, the Court may consider FTD.COM's arguments related to the Note in ruling on this motion for judgment on the pleadings. *See Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) (holding that in response to a Rule 12(c) motion, the non-movant "'may supplement the complaint with factual narration in an affidavit or brief'") (quoting *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997)).

limited to its actual liability for the settlement amount. Because that amount is zero, Genesis argues that the Promissory Note does not create any "Loss" under the Policy.

The Note's preamble sections acknowledge the $10.7 million paid in settlement of the Shareholder Litigation and also describe the related Insurance Litigation, which includes this case, the litigation brought by FTD, Inc.'s insurer against FTD, Inc., as well as "any similar dispute" between FTD, Inc., FTDI, FTD.COM, and their insurers. The Note further states that the settlement amount, which was paid by FTD, Inc., "will be apportioned among [FTD, Inc.], FTDI, and FTD.COM on the basis of each party's respective liability under the FTD.COM litigation." (Promissory Note at 1.) Under the terms of the Note, FTD.COM agrees to pay FTD, Inc., on demand, the amount of $10.7 million, together with interest. (*Id.*)

> The parties' dispute centers on the following provision in the Note:
>
> Notwithstanding anything herein to the contrary, if it is determined pursuant to the Insurance Litigation that the liability of [FTD.COM] pursuant to the FTD.COM Litigation is for an amount less than the Settlement Amount (such lesser amount, the "<u>Final Amount</u>"), [FTD.COM] shall only be obligated to pay such lesser amount (together with interest thereon as provided herein) in full satisfaction of this Note; <u>provided</u> that if [FTD.COM] has previously paid to FTDI an aggregate amount in excess of the Final Amount and interest with respect thereto, FTDI shall reimburse [FTD.COM] for any such excess amount.

(*Id.* at 2) (emphasis in original).

According to Genesis, this provision obligates FTD.COM to pay FTD, Inc. only to the extent it is found liable under the Settlement Agreement. Genesis's interpretation is flawed for two reasons. First, the Note does not refer to FTD.COM's liability under the Settlement Agreement, but rather its liability pursuant to the Shareholder Litigation. This Court's earlier conclusion that the language

10

of the Settlement Agreement alone does not create a legal obligation to pay has no bearing on whether FTD.COM would ultimately be found liable in the underlying Shareholder Litigation following an allocation determination.

Second, Genesis misconstrues the extent of FTD.COM's present obligation under the Note. Genesis argues that FTD.COM has no present legal obligation to pay under the Note, and any future obligation is contingent on an affirmative finding of FTD.COM's liability in the Insurance Litigation. Genesis's interpretation misreads the plain language of the Note, which provides instead for a present obligation for the entire $10.7 million amount paid under the Settlement Agreement, with a contingent *reduction* (or repayment, if a greater amount has already been paid) of the obligation only to the extent that FTD.COM is found *not* liable in the Insurance Litigation. While it is possible that after an allocation determination has been made, FTD.COM will be found not liable pursuant to the Shareholder Litigation, and therefore not obligated to pay the amount due under the Note, that determination has not yet occurred. *See generally Caterpillar, Inc. v. Great Am. Ins. Co.*, 62 F.3d 955 (7th Cir. 1995) (describing various methods of allocating a settlement among covered and non-covered claims and defendants). Viewing the allegations in the counterclaim in the light most favorable to FTD.COM, it could prove a set of facts that would demonstrate it suffered a covered "Loss" under the Policy and therefore could be entitled to a declaratory judgment on the issue. *See Bankers Tr. Co.*, 959 F.2d at 680-81 (holding that jurisdiction over a declaratory judgment claim exists as long as there is at least "a probabilistic injury").

## CONCLUSION

For the foregoing reasons, Genesis Insurance Co.'s Motion for Judgment on the Pleadings [doc. no. 18-1] is denied.

**SO ORDERED**  **ENTERED:** 5/28/04

**HON. RONALD A. GUZMAN**
**United States Judge**